THOMPSON (CITY OF HASTINGS v.). See Case No. 6,202.

THOMPSON (HAWKINS v.). See Case No. 6,246.

---

## Case No. 13,958.

### THOMPSON v. HOLTON.

[6 McLean, 386.][1]

Circuit Court, D. Indiana. May Term, 1855.

TAXATION—PUBLIC LANDS—IMMUNITY FROM TAXATION—REPEAL—SALE—CONSTITUTIONAL LAW—IMPAIRING CONTRACTS.

1. Under a compact with the United States, a law of Indiana was passed declaring that lands sold by the United States, within the state, should not be taxed until after the expiration of five years from the time of sale.

2. In 1847, an act of congress was passed [9 Stat. 118] declaring that in all the states which came into the Union previous to the year 1820, the restriction of taxation in such states should be annulled.

3. The act of Indiana, however, remained unrepealed until 1852.

4. Prior to the repeal certain lands were sold, and after the repeal, but before the five years had expired from the time of the sale, and the purchaser asked relief—the court *held* that the repeal of the act after the purchase, and before the termination of five years from the purchase of the land, impaired the contract made with such purchasers, and was consequently void.

[Cited in Brooks v. Board, etc., of Jasper Co., 20 Ind. 418.]

[Bill in equity by James Thompson against James N. Holton, treasurer of Benton county.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Morrison, Ray & Morrison, for plaintiff.
Gregory & Jones, for defendant.

OPINION OF THE COURT. This is a bill to enjoin the defendant from collecting taxes alleged to have been illegally assessed, on the lands of the complainant, in Benton county, Indiana, for the year 1853. It is averred that the lands were not and are yet taxable; because at the time of the purchase, which was in March, 1852, the laws of the state then in force exempted from taxation, "all lands sold by the United States until the term of five years from the day of sale shall have expired." Rev. St. 1843, 208. This exemption was no doubt induced by the act of the 19th April, 1816, "to enable the people of Indiana territory to form a constitution," &c., and the irrevocable ordinance of the people of the territory accepting the propositions contained in the act, one of which was, "that all lands sold by the United States after the 1st of December, 1816, should be and remain exempt from any tax until the expiration of five years from the time of sale." Congress by its act of the 26th January, 1847, assented that the several states admitted into the Union prior to the 4th of April, 1820, may impose a tax upon all lands that might be sold by the United States, in said states, from and after the day of sale. But the law of Indiana exempting such land from taxation remained in force until the 17th of June, 1852. The complainant purchased his lands in Benton county, in March, 1851, more than a year before the exemption was repealed. At the time the complainant purchased his land, a law of the state exempted it from taxation for five years from the time of purchase, and this it is contended, is not a contract between a state and the complainant. What is a contract? By the supreme court, and by every body, it is defined to be an agreement to do or not to do a certain thing. As in the case before us, by this law the state agreed not to tax lands purchased of congress within the state, for five years after the purchase. Here is a stipulation, as express as words could make it, to all purchasers; and every purchaser accepts the proposition by making the purchase. Here is a contract as express as words can make it. For aught that appears, the exemption was the motive to the purchase. And no one can say that the policy of the state in this respect is an unwise one. It is an object with every new state to increase its population, and this is done by exempting lands purchased from taxation for a greater or less period of time. In the case under consideration, it exonerated the plaintiff from the annual payment of near $1000 in taxes. This is a considerable sum to the purchaser, and it may enable him to improve his farm in a few years.

It is argued that if the land in question be exempted from taxation on the same principle, the land purchased by revolutionary soldiers in the state would forever be exempted from taxes. The law, at present, exempts the lands

of revolutionary soldiers from taxation, consequently a purchase by such soldiers of land in Indiana, would make the exemption perpetual. Now this case has no analogy whatever to the one under consideration. The exemption in the one case is for the term of five years, in the other it is for the present, not for any specific time or for all time to come, but merely from present taxation. In the one case, it is a matter for the exercise of the discretion of the legislature, in the other no such discretion can be exercised, as the exemption is for five years. In the one case there is a specific contract, in the other there is no contract; and no obligation to extend the exemption beyond the present time; the next year the law may be repealed, and there is no ground of complaint; but in the other a repeal of the exemption before the termination of five years, would impair the obligation of the contract.

The legislature of Arkansas chartered a bank on the funds of the state, and provided in the act that the notes of the bank should be receivable in payment of public dues to the state. By an improper management of the bank its specie became exhausted so that it could no longer pay specie for its notes; the notes consequently were discredited, and the state refused to receive them in payment of taxes, and the legislature repealed the section declaring the notes should be received in payment of public dues. A tender being made of the notes to the treasurer, or by the treasurer in paying an amount due the state, the notes were refused, and suit was brought by the state against the debtor. In the supreme court of the state a judgment was entered in behalf of the state against the defendant, the court holding that after the repeal of the above section, the notes could not be paid into the state treasury.

A writ of error was presented to the supreme court of the United States, which decided that every individual who held a note of the bank, at the time of the repeal, had a right under the charter to pay it into the state treasury for public dues, and that, as against such holders of the notes of the bank, the act of the legislature of Arkansas impaired the obligation of the contract between the state and the holder, and was, consequently, void. But that notes received subsequent to the repeal were not so payable. The state being the owner of the bank had a right to repeal the charter, but that, by such repeal, it could not impair the right of the holder of the paper received before the repeal, and under the guaranty that the notes should be receivable in payment of debts to the state.

The case before us is a much stronger one than that referred to, from Arkansas. In Hanna v. Board of Com'rs of Allen Co., 8 Blackf. 352, the court say "the purchasers could not complain, because the first act contained no exemption, express or implied, and by the second the right to repeal the act exempting the lands from taxation was expressly reserved in the act itself." The court, however, say, "if no reservation had been made of the right to repeal the act of 1834 [Laws 1834, p. 343] we should certainly have been obliged to conclude that the state was deprived of the power of taxing the lands therein referred to," &c. This point, it was true, was not involved technically in the case, but in effect it was, when the court was obliged to put the power to repeal on the reservation in the act; consequently, if there had been no reservation, there could have been no power to repeal. The injunction heretofore allowed in this case is made perpetual, at the costs of defendant.